UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **GENERAL CASUALTY COMPANY OF WISCONSIN** | : | CASE NO. 1:25-cv-00321 |
| Plaintiff, | : | JUDGE: |
| vs. | : | |
| **NEWCRESTIMAGE HOLDINGS, LLC** | : | |
| Defendant. | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, General Casualty Company of Wisconsin, (hereinafter, "Plaintiff"), by and through counsel and pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, and for its Complaint for Declaratory Judgment states as follows:

### I. THE PARTIES

1. Plaintiff is a business entity with a principle place of business located at One QBE Way, Sun Prarie, WI 53596. Plaintiff is not organized under the laws of Ohio or does it have its principal place of business in Ohio. Plaintiff is a citizen and resident of Wisconsin for purposes of 28 U.S.C. § 1332.

2. The Defendant, NewcrestImage Holdings, LLC, is a Delaware Corporation, with its principal place of business located at 1785 State Highway 26, Grapevine, TX 76051. Defendant can be served through its registered agent, Mehul Patel, 700 State Highway 121, Suite 175, Lewisville, TX 75067. Defendant is thus a citizen and resident of Texas for purposes of 28 U.S.C. § 1332.

## II.  VENUE AND JURISDICTION

3. There presently exists an actual controversy between the parties as to their respective rights, duties, and obligations under an insurance policy. This action is brought pursuant to 28 U.S.C. § 2201, and the request of Plaintiff that this Court issue a declaration as to the rights, obligations, and legal relationships between it and the Defendant, as established by the insurance policy at issue in this matter and as discussed in more detail below.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is diversity of citizenship among the parties, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorneys' fees, and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim and associated loss occurred, and a substantial part of the property that is the subject of the action is situated in Hamilton County, Ohio.

6. Declaratory relief is appropriate pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, as this forum presents the only opportunity for Plaintiff to resolve the insurance coverage issues raised herein, and this declaratory judgment seeks judgment as to the construction of and liability under an insurance policy.

## III.  FACTUAL BACKGROUND

7. Plaintiff issued a Custom Property Policy, bearing Policy Number QCI1383599, to Defendant effective March 28, 2022 to March 28, 2023. A copy of the policy is attached at **Exhibit 1** and hereinafter referred to as "the Policy".

8. On December 24, 2022, a freeze related event occurred at 105 E. 4th Street, Cincinnati, OH 45202, causing a pipe burst and major water damage to Defendant's insured premises. The

building at issue is owned by Defendant, which is insured through the Policy. This resulted in Defendant filing an insurance claim for the full replacement value.

9. Plaintiff disputed coverage for the full replacement value of the claim on May 24, 2023. On July 12, 2023, Defendant invoked an appraisal under the policy and appraisers were selected from both sides to evaluate the disputed damage amounts.

10. On February 27, 2025, the appraisal umpire issued an award for $3,965,871.11, of which $1,202,896.19 had been previously paid by Plaintiff.

11. On March 19, 2025, Plaintiff made payment pursuant to the appraisal umpire award in the amount of the remaining actual cash value, $1,845,409.56, for a grand total of $3,048,384.48.

12. On April 15, 2025, Plaintiff received correspondence from Defendant, demanding statutory interest on the disputed amount, at a rate of 12.5% per annum, pursuant to Chapter 524A of the Texas Insurance Code. A copy of the April 15, 2025 correspondence is attached as **Exhibit 2**.

13. The total amount of statutory interest demanded by Defendant's counsel is $612,189.67.

14. Plaintiff disputes that the Policy is interpreted by and controlled according to Texas law, since the principal location of the insured risk was located at 105 E. 4th Street, Cincinnati, OH 45202, which would result in the Policy being interpreted and controlled by Ohio law.

15. Plaintiff also disputes that statutory interest is owed on the appraisal award, since the full loss payment was made within the time period allotted by the Policy.

16. As a result, Plaintiff is seeking a judgment declaring that the Policy is interpreted and controlled by Ohio law, and that Plaintiff does not owe statutory interest on the appraisal award pursuant to Ohio law.

## IV. THE POLICY

17. The Policy issued to Defendant provides coverage only in accordance with policy terms, conditions, definitions, and exclusions. (*See* Exhibit 1, *generally*).

18. The Policy provides commercial property coverage, amongst other coverages, at the Defendant Insured's properties listed in the Schedule of Locations. The original Schedule of Locations lists four locations or buildings, all within the State of Texas. (*See* Exhibit 1, pg. 13).

19. A Second General Change Endorsement was issued on June 23, 2022, which added additional locations in Vermont, Ohio, and Alabama. (*See* Exhibit 1, pg. 128). Since coverage was being underwritten for property located in Ohio, the Policy also added an Ohio Change Endorsement. (*See* Exhibit 1, pg. 143). Likewise, the Policy added Change Endorsements for Alabama and Vermont.

20. A Fifth General Changes Endorsement was issued on June 28, 2022, adding the location in question at 105 E. 4th Street, Cincinnati, Ohio 45202. (See Exhibit 1, pg. 201).

21. In this matter, the location of the insured risk was located at 105 E. 4th Street, Cincinnati, Ohio 45202, where the property loss occurred. (*See* Exhibit 1, pg. 201).

22. On February 27, 2025, the appraisal umpire issued an award for $3,965,871.11, of which $1,202,896.19 had been previously paid by Plaintiff. Plaintiff made payment pursuant to the appraisal umpire award in the amount of the remaining actual cash value, $1,845,409.56, for a grand total of $3,048,384.48.

23. Plaintiff paid the full amount of the covered loss within the timeframe allotted by the Policy.

24. For these reasons, Plaintiff does not owe statutory interest on the appraisal award.

25. In addition to the foregoing provisions, Plaintiff pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the policy that may also be applicable and reserves the right to amend its Complaint for Declaratory Judgment as additional or more specific information becomes available.

## **DECLARATORY RELIEF SOUGHT**

26. Plaintiff seeks a judgment declaring the rights and duties of Plaintiff and Defendant relative to an actual, present, and existing controversy existing between Plaintiff and Defendant as to the interpretation of the Policy.

27. Plaintiff seeks a declaration that the Policy is to be interpreted and controlled by Ohio law, based on the principal location of the insured risk, which is located at 105 E. 4th Street, Cincinnati, Ohio 45202. (*See* Exhibit 1, pg. 201).

28. Plaintiff seeks a declaration that it does not owe statutory interest on the appraisal award, since the full amount of the covered loss was paid pursuant to the Policy's terms and conditions.

**WHEREFORE**, Plaintiff General Casualty Company of Wisconsin, demands as follows:

1. That Defendant be required to appear and answer herein;

2. That this Court issue a declaration that:

    a. The Policy is to be interpreted and controlled by Ohio law.

    b. Plaintiff does not owe statutory interest on the appraisal award.

    c. Plaintiff has complied with the terms of the policy pursuant to the loss payment and appraisal award, and does not owe any additional amounts.

    d. That Plaintiff and Defendant are bound by this Court's determination.

3. For any other legal and equitable relief as this Court deems just and proper.

                                                        Respectfully submitted,

                                                        */s/ Joseph W. Borchelt*
Joseph W. Borchelt (0075387)
REMINGER CO., LPA
525 Vine Street, Suite 1500
Cincinnati, OH  45202
Phone: (513) 721-1311
Fax: (513) 721-2553
mcaligaris@reminger.com
***Attorney for Plaintiff, QBE Investments, (North America) Inc.***

## CERTIFICATE OF SERVICE

    I hereby certify that on the 15th day of May, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF/e-Filing system which will send notification of such filing to all counsel and/or parties of record and constitutes proper service under applicable rule.

                                                        */s/ Joseph W. Borchelt*
                                                        Joseph W. Borchelt